## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| MOHAMMAD JAHIR SAZZAD <br> 5500 North Morgan Street, Apt. 301 <br> Alexandria, Virginia 22312-5531, <br><br> PATRICIO DAVID TREJO <br> 5505 Ridgeton Hill Court <br> Fairfax, Virginia 22032-4028, and <br><br> ANTHONY MINTU GOMES <br> 8817 Goose Landing Circle <br> Columbia, Maryland 21045-2179 <br><br> Plaintiffs, <br><br> vs. <br><br> RYMAN HOSPITALITY PROPERTIES, INC. (a Delaware corporation) <br> c/o Corporation Service Company <br> 2711 Centerville Road, Suite 400 <br> Wilmington, Delaware 19808-1645, and <br><br> MARRIOTT INTERNATIONAL, INC. <br> (a Delaware corporation) <br> c/o Corporate Creations Network Inc. <br> 3411 Silverside Road, Suite 104 <br> Wilmington, Delaware 19810-4809 <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br> Case No: _____ |

## COMPLAINT FOR BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA) DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

COME NOW, the Plaintiffs, Mohammad Jahir Sazzad, a resident of Alexandria, Virginia, Patricio David Trejo, a resident of Fairfax, Virginia, and Anthony Mintu Gomes, a resident of Columbia, Maryland, and employees of Ryman Hospitalities Properties, Inc., a Delaware corporation formerly known as Gaylord Entertainment Company ("Gaylord") and/or Marriot International, Inc., a Delaware corporation, owners and/or operators of Gaylord National Hotel and Convention Center ("Hotel"), also known as Marriot, complaining of the Defendants and their management, doing business at 201 Waterfront Street, National Harbor, Maryland 20745, and for their Complaint stating as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction because the cause of action is based on violation of the Federal Labor Standards Act 29 U.S.C.A. Section 201 et seq. The Defendants are corporations doing business in Maryland.

2. Venue is proper in the U.S. District Court for the District of Maryland, Greenbelt Division, because the Defendants are corporations doing business in Prince George's County, Maryland.

## FACTS

3. On or about March 2008, Plaintiffs contracted with Defendants as Servers in Defendants' Hotels and Restaurants situated at the National Harbor in Prince George's County, Maryland.

4. Plaintiffs are members of Union Local 25. Defendants have a Collective Bargaining Agreement (CBA) with Union Local 25, acting as bargaining representatives for Plaintiffs who are union members. The CBA governs the employment relationship between Defendants as employers, and Plaintiffs as employee Union members. The terms of the CBA are effective "commencing the 1st day of November, 2009 to and including the 31st day of October, 2013." See Exhibit A.

6. Plaintiffs are "persons" and "tipped" employees as defined by 29 U.S.C. § 203 (a) and (t). Gaylord is an "employer," an "Industry," and an "Enterprise" engaging in commerce under 29 U.S.C. § 203 (d) and (h), and 29 U.S.C. § 203 (r) (1).

5. On or about March 2008, Plaintiffs signed a contract with Defendants as Servers and to serve in Defendants' several restaurants located at the National Harbor in Maryland. The contract signed by Plaintiff's contained no clause or term regarding tip pooling/sharing of Servers' tips with other Defendants' workers.

6. On or about March 2008, and to-date, Defendants have not informed Plaintiffs that they have elected to take tip credit, or that they use tip credit as allowable under the law, in computing Plaintiffs' wages.

7. On or about March 2008, Defendants began their practice of deducting part of Plaintiffs' earned tips from their wages and giving it to and/or sharing it with Bartenders, Server Assistants

or Bussers, and Food-Runners, who were not in any kind of tipping-pool/sharing agreement or arrangement with Plaintiffs.

8. The tip amount the Defendant deducted from the total tips each of the Plaintiffs made each pay week, was calculated at about four percent (4%) of each Plaintiff's total daily sales in food and drinks to customers. For example, if any of the Plaintiffs made a total sale of food and drinks of $5,000 for the week, $200 (4% of $5,000) will be deducted from the total tip made or earned by that Plaintiff Server, and the $200 will be distributed to Bartenders, Server Assistants or Bussers, and Food-Runners who have no tipping pool agreement or arrangement with Plaintiffs. Computed on a monthly basis, if any of the Plaintiff Servers, made, for example, a total tip amount of $5,000 during a month, and a total sale of food and drinks amounting to $20,000.00 in the same month, Defendants will deduct a cash amount equivalent of about 4% of $20,000.00, that is, $800.00 (4% of $20,000.00), from the total of that Plaintiff's monthly tip amount of $5,000.00, and share it amongst Bartenders, Server Assistants or Bussers, and Food-Runners. The result of which is, that at the end of the month, instead of receiving a total of $5,000.00 tips pay, that Plaintiff Server's total tip take-home amount will be reduced to $4,200.00 ($5,000.00 minus $800.00).

9. Defendants have carried on with this practice knowingly, willfully, and intentionally, from the date Plaintiffs entered its employ to-date, and Plaintiffs are not the only employee Servers affected by Defendants' flagrant violation of the law.

10. Plaintiffs have no tipping pool/sharing agreements or arrangements with any other members of the staff, including Bartenders, Server Assistants or Bussers, and Food-Runners, that worked for the Defendants, and Plaintiffs do not receive any reciprocal tip sharing from the Bartenders, Server Assistants or Bussers, and Food-runners own tips. The tip deduction is one way only – from the pockets of the Plaintiff Servers, to the pockets of the Gaylord Bartenders, Server Assistants, Bussers, and Food-Runners.

11. On or about March 2008 and to-date, Defendants never discussed anything about sharing their tips with Bartenders and never asked Plaintiffs' permission to do so, and Plaintiffs never gave any such permission to the Defendants.

12. On or about March 2008 and to-date, and with full knowledge, that there was no pooling agreement or arrangement whatsoever, between Plaintiffs, and any other group of Gaylord employees, including those not mentioned herein. Defendants have not explained to Plaintiffs the reason(s) and/or basis for deducting a percentage of Plaintiffs' earned tips and disbursing it to Bartenders, Server Assistants, Bussers and Food-Runners, whose own tips, if any, were never shared with or given to Plaintiffs.

On or about February 2013, Plaintiff Mohammad Jahir, went to his Union Local 25 President, Ms. Linda Martin, and asked her whether Defendant's taking of a percentage of their tips, and giving it to/sharing it with Bartenders, Server Assistants, Bussers and Food-Runners was legal. He was told by Ms. Linda Martin that it was not.

13.  Prior to February 2013, Plaintiffs had no idea that Defendants were breaking the law, because Defendants told Plaintiffs that it was Gaylord Policy, and so they complied without question. Defendants knew that what they were doing was in violation of labor laws and they deceived Plaintiffs for a long time. As a result of their deceit, Defendants knowingly and intentionally prevented Plaintiffs from asserting their rights to their earned tips and taking appropriate measures to stop the violation of their rights under the law.

14. Defendants automatically deducted the tip amounts in question from Plaintiffs' pay before paying them. The effect of this is that from the first paycheck Plaintiffs received from Defendants, to-date, they have been paid an amount that is less than the actual amount in cash value of pay they were entitled to receive as their total weekly and monthly wage – including earned tips. This practice from Defendants and their management personnel has continued to-date.

Plaintiffs bring forth the following counts and allegations supporting their cause of action:

### COUNT I: WILLFUL VIOLATION OF 29 U.S.C.A. § 206; §203 (3)(m).

15.  Defendants have knowingly, willfully and intentionally violated the provisions of the Federal Labor Standard Act (FLSA) by not paying Plaintiffs all their earned tips, and by sharing their tips with other employees who Plaintiffs have no tipping pool agreement or arrangement with. Defendants have also violated the above law, by (a) their failure to inform Plaintiffs, that the tip credit will not apply to any tipped employee unless the employee has been informed of

the tip credit provisions under FLSA, as Defendants are obligated to do under the direction of the Department of Labor's Wage and Hour Division; (b) by failing to inform Plaintiffs whether or not the Defendants were claiming tip credit or not, in computing Plaintiffs' wages under the FLSA and as required by the United States Department of Labor Wage and Hour Division (WHD); and (c) by failing to inform Plaintiffs, prior to sharing their tips with their colleagues with whom they had no pooling arrangements, and for not seeking Plaintiffs' permission or approval before taking part of their tips from them.

## COUNT II: BREACH OF GAYLORD 2009 CONTRACT

16.  Defendants have knowingly, willfully and intentionally breached their contract with Plaintiffs, as per Article XI Servers, Bus Employees and Bartenders, paragraph 11.1, and 11.2 of Gaylord's 2009 Contract with Plaintiffs, which governs how gratuities earned by Servers and Bartenders should be disbursed, and which mandates that all tips given to a Server should be paid in total to that Server and not shared with any other employee.  See Exhibit A.

## COUNT III: VIOLATION OF MARYLAND LABOR & EMPLOYMENT CODE § 3-503

17.  Defendants have knowingly, willfully and intentionally violated Maryland labor laws to the detriment of Plaintiffs, by making unlawful wage deductions from Plaintiffs' wages for over five (5) years.

Defendant has knowingly, willfully, and intentionally violated U.S. Labor laws, and breached their contract with Plaintiffs.

WHEREFORE PLAINTIFFS PRAY for judgment against Defendant for:

- Restitution of 3 times the amount of tip wages, taken from Plaintiffs from 2008 through and including to-date, with interest in accordance with Maryland Labor and Employment Code § 3-503;

- Liquidated Damages in accordance with the amount in restitution;

- Attorneys Fees;

- Punitive Damages;

- Permanent Injunctive Relief;

- Other Remedies as the Court deems fit.

.

**DEMAND FOR JURY TRIAL**

TRIAL BY JURY IS DEMANDED ON ALL ISSUES TRIABLE BY JURY.

Respectfully submitted this 2nd  day October, 2013


/s/ Stephen Christopher Swift
Stephen Christopher Swift
Swift & Swift, Attorneys at Law, P.L.L.C.
Suite 200
2121 Eisenhower Avenue
Alexandria, Virginia 22314-4688
Telephone: (703) 418 – 0000
Facsimile: (703) 535 – 8205
E-mail: steve@swift.law.pro
Maryland Federal Bar No. 13,943
*Attorney for Plaintiffs*
*Mohammad Jahir Sazaad,*
*Patricio David Trejo and*
*Anthony Mintu Gomes*